**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LONG GROVE INVESTMENTS, LLC, | |
| Plaintiff, | Case No.: _____ |
| v. | JURY TRIAL DEMANDED |
| BALDI CANDY CO. d/b/a LONG GROVE CONFECTIONERY CO. | |
| Defendant. | |

**COMPLAINT**

Long Grove Investments, LLC ("Plaintiff" or "Long Grove Investments") states as follows for its complaint against Defendant Baldi Candy Co. d/b/a Long Grove Confectionery:

**NATURE OF THE CASE**

1.     In May 2017, Defendant filed an application in the United States Patent and Trademark Office ("USPTO") to register the trademark Long Grove Apple Haus, and Plaintiff timely opposed the registration of that mark. Notwithstanding the pendency of that proceeding before the Trademark Trial and Appeal Board ("TTAB"), Defendant began to advertise and sell goods and services using the Long Grove Apple Haus name and mark. Defendant is: unlawfully incorporating the Plaintiff's common law trademarks, creating confusion in the marketplace as to the origin of the goods and services it is selling and offering, diluting the Plaintiff's marks, creating a false association with the Plaintiff, and thwarting Plaintiff's ability to lease its property.

**PARTIES, JURISDICTION AND VENUE**

2.     Plaintiff is an Illinois limited liability company engaged in the business of real estate investment in Long Grove, Illinois.

3. Defendant is an Illinois corporation that manufactures and sells candy to both retail and wholesale customers.

4. Plaintiff's claims are for trademark infringement arising under the Lanham Act, 15 U.S.C. §1125(a), *et seq.*, false designation and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, trademark dilution under the Lanham Act, 15 U.S.C. § 1125 (c), unfair or deceptive acts under the Illinois Uniform Deceptive Trade Practice Act, 815 ILCS 505, *et seq.*, unfair competition under common law, trademark dilution under 765 ILCS 1036/65, and conversion.

5. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims arise under the same common nucleus of operative facts that give rise to its federal law claims.

6. The Court can exercise personal jurisdiction over the Defendant for purposes of this lawsuit because Defendant is an Illinois corporation and has its principal place of business in Illinois

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of the Northern District of Illinois and because a substantial part of the events giving rise to the Plaintiff's claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

8. The real property located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047 was built in 1975 and has been and is known as the Long Grove Apple Haus. *See* Exhibit

1, a "General Property Summary" at ECF page 4 (confirming the building is "[k]nown as 'Apple Haus Building.'"

9.     In 2014, Plaintiff acquired the Long Grove Apple Haus property located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047. A photograph of Plaintiff's Long Grove Apple Haus property is attached as Exhibit 2.

10.     Since 1975, Plaintiff or its predecessors in interest have offered bakery services and goods, such as, pies, doughnuts and other baked goods, apple cider, gourmet jellies and butters, in connection with the Long Grove Apple Haus property and using the Long Grove Apple Haus name and mark. A photograph of packaging bearing Plaintiff's Long Grove Apple Haus mark is attached as Exhibit 3.

11.     Plaintiff currently is under contract with a tenant for the Long Grove Apple Haus building to provide restaurant and/or bakery services. Plaintiff's tenant is expected to begin operations at the Long Grove Apple Haus before the end of 2018.

12.     Through decades of longstanding use, the Long Grove Apple Haus name associated with Plaintiff's property has developed extensive good will and has attained a high degree of recognition and distinctiveness in connection with the bakery services and goods offered by Plaintiff and its predecessors in interest.  Purchasers and prospective purchasers, as well as other members of the public, are familiar with the Long Grove Apple Haus name and mark and associate it with the property owned by Long Grove Investments.

13.     Defendant leased the property for its Long Grove Confectionery store from Plaintiff and at the end of 2016 and early 2017, shortly before Defendant's current lease ended,

3

Plaintiff discussed with Defendant moving The Long Grove Confectionery store to another property of Plaintiff, specifically including the Long Grove Apple Haus property.

14.     These negotiations were not successful and, thereafter, Defendant acquired a different property only several blocks away from Plaintiff's Long Grove Apple Haus property.

15.     On May 11, 2017, Defendant applied to register the mark Long Grove Apple Haus (Serial No. 87445961) in the USPTO in connection with "candied fruit, jellies and jams, fruit preserves, butter, soup and cheese," in International Class 29, and "coffee, coffee beans, packaged ground coffee beans, tea, candy, fudge, popped popcorn, chocolate sauce, cookies, bakery desserts, pastries, pies," in International Class 30.

16.     Defendant's application was filed based on intent-to-use under Section 1(b) of the Trademark Act.

17.     In November 2017, Plaintiff timely filed an opposition proceeding in the United States Patent and Trademark Office, Opposition No. 91237706, stating that the use of the Long Grove Apple Haus mark by the Defendant created a false association with the Plaintiff, would create confusion in the market, and was geographically misdescriptive.

18.     Despite those proceedings, Defendant began selling goods and services to the public using the name and mark "Long Grove Apple Haus" from a property it purchased in Long Grove, Illinois only several blocks away from Plaintiff's Long Grove Apple Haus. Evidence of Defendant's use of the name and mark, including through signage, shopping bags, and on goods, is attached as Exhibit 4.

19.     Defendant has also advertised and otherwise promoted its goods and services to the public using the name and mark Long Grove Apple Haus and has used photographs of

Plaintiff's Long Grove Apple Haus property to do so. The use by Defendant of photographs of Plaintiff's property improperly suggests that Defendant's new store is the affiliated with Plaintiff's property and causes the public to be mistaken as to the source of Defendant's goods and services. Examples of such advertising and promotion, including through magazine articles, social media photos, and in advance of a festival in Long Grove, Illinois, are attached as Exhibit 5.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (Long Grove Apple Haus)

20.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-19 above.

21.     Through the use of the Long Grove Apple Haus mark in commerce by Plaintiff and its predecessors in interest, Plaintiff has common law rights in the mark "Long Grove Apple Haus."

22.     Defendant has marketed, advertised, and sold products and services incorporating the Long Grove Apple Haus mark.

23.     Defendant's goods and services are related to the goods and services covered by the Plaintiff's common law mark. Defendant had knowledge of the use by Plaintiff or its predecessors in interest of the Long Grove Apple Haus name.

24.     Defendant's activities will cause and/or are likely to cause confusion, mistake or deception of purchasers to the detriment of the Plaintiff and the public.

25.     Defendant used and is using the Long Grove Apple Haus mark without the knowledge, consent or permission of the Plaintiff and continues without the consent of the Plaintiff.

26.     Defendant has violated the Plaintiff's common law rights in the Long Grove Apple Haus mark under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. §1125(a).

27.     The Plaintiff will be irreparably harmed unless Defendant is enjoined from any further use of the Long Grove Apple Haus mark, and any further advertising or sale of products or services bearing the mark.

28.     Plaintiff has been further injured because by using the same name as that of the property owned by Plaintiff which Plaintiff has leased, Defendant is adversely affecting Plaintiff's ability to finalize the lease on its property. Plaintiff's tenant is threatening to cancel its lease for the property based on Defendant's improper use of the Long Grove Apple Haus name.

29.     Defendant has continued to use the Long Grove Apple Haus mark notwithstanding the fact that it has actual knowledge of the Plaintiff's superior trademark rights.

30.     Defendant's infringement of the Long Grove Apple Haus mark constitutes intentional, willful, knowing and deliberate trademark infringement.

31.     The Plaintiff therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

**COUNT II**
**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR**
**COMPETITION UNDER LATHAM ACT SECTION 43(a)**
**(Long Grove Apple Haus)**

32.     The Plaintiff re-alleges and incorporates herein by reference paragraphs 1-31 above.

33.     The Long Grove Apple Haus name is associated by the public with the property located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047 which is owned by Plaintiff.

34.     The primary significance of the Long Grove Apple Haus mark is a generally known geographic location, namely, the property owned by Plaintiff.

35.     The goods and services sold and offered for sale by Defendant under the Long Grove Apple Haus name do not originate from the property located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047.

36.     Defendant's actions with respect to the Long Grove Apple Haus mark, as alleged herein, constitute false designation of origin, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

37.     Defendant's actions have deceived, and are likely to continue to deceive, customers and prospective customers into believing that Defendant's products and services are that of the Plaintiff's, or that they originate with or are associated with the property located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047, and as a consequence, are likely to confuse the public and divert sales away from the Plaintiff.

38.     The consuming public is likely to believe the place identified by Defendant as the Long Grove Apple Haus mark indicates the origin of the goods and services bearing the mark, when in fact Defendant's goods do not come from Plaintiff's Long Grove Apple Haus property.

39.     The Plaintiff has no control over the quality of the products and services sold and offered by Defendant.  Any failure, neglect, or default by Defendant in providing such products and services has reflected, and will continue to reflect, adversely on the Plaintiff and the

Plaintiff's property as the believed source of origin thereof; hampering the Plaintiff's efforts to continue to lease its property and protect its outstanding reputation for high quality products and services, which will result in the loss of sales of products -- all of which will cause irreparable harm to the Plaintiff.

40.     The Plaintiff has been, and will continue to be, irreparably harmed unless Defendant is enjoined from any further use of the Long Grove Apple Haus mark, and any further marketing, advertising or sale of the products and services incorporating the Long Grove Apple Haus mark.

41.     The Plaintiff has no adequate remedy at law and serious damage to its trademark rights and goodwill will result unless Defendant's wrongful use of the Long Grove Apple Haus mark is enjoined by the court.

42.     Defendant's actions as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendant's acts of unfair competition and false advertising in violation of the Lanham Act Section 43(a), as alleged herein, have caused, and will continue to cause, the Plaintiff to suffer damages in an amount unknown at this time and have caused, and will continue to cause Defendant to improperly gain revenues and profit in an amount unknown at this time.

44.     Pursuant to 15 U.S.C. §1117(a), the Plaintiff is entitled to an award of monetary damages in an amount equal to the losses suffered by the Plaintiff and the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

45.     Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to the Plaintiff should be trebled.

46.     Pursuant to 15 U.S.C. §1117(a), the Plaintiff is entitled to an award of attorneys' fees and costs of suit.


## COUNT III
## FEDERAL TRADEMARK DILUTION UNDER THE LANHAM ACT
### (Long Grove Apple Haus)

47.     The Plaintiff re-alleges and incorporates herein by reference paragraphs 1-46 above.

48.     The Long Grove Apple Haus mark has been in use for many years and has achieved widespread public recognition.

49.     The Long Grove Apple Haus property and the Long Grove Apple Haus mark, are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50.     Defendant's use of the Long Grove Apple Haus Mark gives rise to the association between the Defendant and the Plaintiff.

51.     The association created by Defendant's commercial use of the Long Grove Apple Haus mark is likely to dilute the distinctiveness of the mark by eroding the public's exclusive identification of the famous mark with the Plaintiff's Long Grove Apple Haus property, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish products and services.

52.     Defendant's unauthorized use of the Long Grove Apple Haus mark is likely to dilute the distinctive quality of the mark.

53.     Defendant's unauthorized use of the mark is likely to tarnish the Plaintiff and the Long Grove Apple Haus mark by undermining and damaging the valuable goodwill associated therewith.

54.     Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and will, unless enjoined, damage the Plaintiff, which has no adequate remedy at law.

55.     The Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(Long Grove Apple Haus)**

56.     The Plaintiff re-alleges and incorporates herein by reference paragraphs 1-56 above.

57.     Defendant's use of the Long Grove Apple Haus mark in connection with its products and services and the marketing of these products and services is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the products and services or likely to cause confusion or misunderstanding as to the affiliation or association with, or certification by, another.

58.     Defendant's deceptive acts or practices injured and continue to injure the Plaintiff and the public.

10

59.     Defendant's actions offend the public, are unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future both within the state of Illinois and elsewhere.

60.     A causal link exists between the deceptive act and the resulting injury.

61.     The Plaintiff has suffered damages, as discussed above, relating to violation of the Uniform Deceptive Trade Practices Act 815 ILCS 510/1 by Defendant.

62.     The Plaintiff seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.  Judgment be entered against the Defendant on all of Plaintiff's claims.

B.  Defendant be adjudicated and decreed to have infringed Plaintiff's trademark rights in the Long Grove Apple Haus mark.

C.  Defendant be adjudicated and decreed to have diluted the Long Grove Apple Haus mark.

D.  Defendant be adjudicated and decreed to have created a false association with the Plaintiff.

E.  The Court issue preliminary and permanent injunctions enjoining and prohibiting Defendant and its representatives, officers, directors, agents, servants, employees, attorneys, successors, assigns and any and all persons in active concert with them from any advertising, promoting, marketing, selling, offering for sale, distributing or other activity using the Long Grove Apple Haus mark.

F.  Defendant be adjudged and decreed to have violated the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act and to have committed acts of unfair competition against Plaintiff arising out of Defendant's use of the Long Grove Apple Haus mark.

G.  The Court order an award of attorneys' fees and costs against Defendant as provided by 15 U.S.C. § 1117(a), 765 ILCS 1036/70 and 815 ILCS 510/2.

H.   The Court order an award for damages suffered by Plaintiff, plus any revenues or profits earned by Defendant as a result of Defendant's trademark infringement, unfair competition and false advertising in an amount to be proven at trial.

I.   The Court issue a judgment awarding treble damages against Defendant as provided by 15 U.S.C. § 1117(a).

J.   The Court award Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

                                        Respectfully submitted,


                                        /s/ Richard T. Kienzler
                                        Richard T. Kienzler
                                        One of the Attorneys for Plaintiff
                                        Long Grove Investments, LLC

Andrew L. Goldstein
Richard T. Kienzler
FREEBORN AND PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Email: agoldstein@freeborn.com
        rkienzler@freeborn.com