UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG GROVE INVESTMENTS, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BALDI CANDY CO. d/b/a LONG GROVE CONFECTIONERY CO.,<br><br>　　　　　　Defendant. | Case No. 18-cv-5237<br><br>The Honorable John Robert Blakey |

**DEFENDANT BALDI CANDY CO.'S RULE 56.1 STATEMENT OF MATERIAL FACTS**

Defendant Baldi Candy Co., d/b/a Long Grove Confectionery Co. ("Baldi"), submits the following statement of undisputed material facts in accordance with Local Rule 56.1:

**I.    Baldi Acquires Long Grove Confectionery Co. and All Rights to the Apple Haus Mark**

　　**A.    Long Grove Confectionery Co.'s Creation and Continuous Use of the Apple Haus Mark**

1.    From 1971 until June 2013 (the "LGC Period"), Long Grove Confectionery Co. ("LGC") was an Illinois corporation engaged in the business of manufacturing, distributing, and selling confectionery products and baked goods.  **Exhibit A**, Affidavit of Dwayne Hallan Affidavit, ¶5; **Exhibit B**, Affidavit of Benjamin Haskin, counsel for Baldi, ¶7; **Exhibit HH**, Illinois Secretary of State Corporation File Detail.

2.    During its operation, LGC had a wholesale division and a retail division.  The retail division consisted of several retail stores that sold LGC goods and products.  **Exhibit C**, Dwayne Hallan Deposition Transcript, 14:11-15:21.

3.    One of LGC's retail locations was a store located at 230 Robert Parker Coffin Road, Long Grove, Illinois 60047, that was called and known as the Long Grove Apple Haus (the "Apple Haus Store").  Ex. A, ¶6; Ex. C, 14:15–15:21.

4. LGC owned and operated the Apple Haus Store, which opened in approximately 1977. Ex. A, ¶¶6-13; Ex. C, 20:10-20:13.

5. LGC sold a variety of baked goods at the Apple Haus Store during the LGC Period, including but not limited to: apple pies, apple cider donuts, apple cider, strudel, turnovers, fritters, breads, cookies, jams, jellies, and apple butter, with the Long Grove Apple Haus name and brand (the "Apple Haus Mark") on their label, packaging or container. Ex. A, ¶¶ 7-8; Ex. C, 21:4-22:23.

6. During the LGC Period, LGC apple pies were sold in a box (the "Apple Haus Pie Box") that included the Apple Haus Mark and a design of a red apple with a stem and two leaves (the "Red Apple"). LGC apple cider ("Apple Haus Cider") was sold with a label with the Apple Haus Mark and the Red Apple. A picture of the Apple Haus Pie Box and Apple Haus Cider are attached as **Exhibits U and GG**. Ex. A, ¶¶9-10; Ex. C, 69:23-70:6.

7. LGC affixed a wooden sign on the outside of the Apple Haus Store (the "Apple Haus Store Sign"). A picture of the Apple Haus Store Sign is attached as **Exhibit Y**. **Exhibit D**, Affidavit of Craig Leva, ¶11; Ex. C, 51:24-52:14.

8. LGC also owned and operated a retail store called the Long Grove Confectionery (the "LGC Store") that was located at 220 Robert Parker Coffin Road, Long Grove, Illinois 60047. The LGC Store sold confectionery candy products as well as frozen apple pies in the Apple Haus Pie Box. Ex. A, ¶¶14-15; Ex. C, 24:11-25:1, 54:8-54:16.

9. LGC also owned and operated a retail outlet store in Buffalo Grove, Illinois (the "LGC Outlet"), that was attached to its manufacturing plant in Buffalo Grove, Illinois. The LGC Outlet also sold frozen apple pies the Apple Haus Pie Box. Ex. A, ¶¶16-17; Ex. C, 15:10-16:24, 58:6-59:4.

10. During the LGC Period, LGC's wholesale operations included the sale of apple pies in the Apple Haus Pie Box and Apple Haus Cider to wholesale customers, including: Lou Malnati's, Sunset Foods Grocery Store, and Oberweis Diary (the "Wholesale Customers"). **Exhibit E**, Craig Leva Deposition Transcript, 120:1-120:4; Ex. A, ¶19.

11. Each year during the LGC Period, LGC participated in three major outdoor festivals in Long Grove, Illinois: (a) Long Grove Chocolate Fest that takes place over a weekend in May ("Chocolate Fest"); (b) Long Grove Strawberry Fest that takes place over a weekend in June ("Strawberry Fest"); and (c) Long Grove Apple Fest that takes place over a weekend in September ("Apple Fest," and collectively with the Chocolate Fest and Strawberry Fest the "Long Grove Festivals"). Ex. A, ¶21; Ex. C, 30:4-30:24.

12. LGC made use of the Apple Haus Mark at the Long Grove Festivals by selling baked goods including, but not limited to, pies and donuts, with packaging and labels bearing the Apple Haus Mark and by using the Apple Haus Mark to advertise on signage, banners, bags, and labels. Ex. A, ¶22; Ex. C, 30:4-30:24.

13. LGC closed the Apple Haus Store in December, 2011 and the Apple Haus Store Sign was taken down at that time. Ex. A, ¶13; Ex. C, 20:10-20:23, 51:24-51:14.

14. LGC continued using the Apple Haus Mark after closing the Apple Haus Store by selling apple pies in the Apple Haus Pie Box and Apple Haus Cider at the LGC Store, LGC Outlet and to the Wholesale Customers, as well as through its continued participation at the Long Grove Festivals. Ex. A, ¶¶13-17, 19, 21-23; Ex. C, 25:18-22; 27:14-30:1.

15. LGC's use of the Apple Haus Mark and sale of Apple Haus products continued through June, 2013. Ex. A, ¶23; Ex. C, 27:14-30:24.

B.  **Baldi's Purchase of LGC in 2013**

16. Baldi is an Illinois corporation that is engaged in the confectionery business. At all relevant times, Baldi had a factory with an attached outlet store called "Chicago Candy and Nut" located at 3425/3704 North Kimball, Chicago, Illinois. Ex. D, ¶5.

17. Leva is the President of Baldi. Ex. D, ¶2.

18. On or about June 13, 2013, Baldi purchased the assets of LGC pursuant to an Asset Purchase Agreement (the "Asset Agreement") executed by and between Baldi, LGC, and John Mangel. Ex. D, ¶6, **Exhibit S**, Asset Agreement.

19. Pursuant to the terms of the Asset Agreement, Baldi purchased substantially all of LGC's assets, properties, and rights related to LGC's business. Ex. D, Ex. S, p. 1.

20. The assets purchased by Baldi pursuant to the Asset Agreement included, among other listed items, all of LGC's inventory, packaging, supplies, finished goods, and raw materials; the right to utilize LGC's corporate name and/or trademarks; LGC's intellectual property, catalogs, promotional materials, customer lists, vendor lists, price lists, drawings, processes, trade secrets, recipes, web addresses and sites; and all goodwill associated with LGC. Ex. D, Ex. S, pp. 1-2, ¶1.2.

21. Contemporaneously with the execution of the Asset Agreement, Baldi and LGC executed an Intellectual Property Assignment (the "IP Assignment") in which LGC assigned, transferred, and conveyed to Baldi all of its right, title and interest to all of its intellectual property, including all patents, copyrights, tradenames, registered trademarks and all other trademarks, service marks, logos, brands, trade dress, websites, and domain names. Ex. D, ¶7, **Exhibit T**, IP Assignment.

4

### C. Baldi's Acquisition of Apple Haus Packaging, Signage, Artwork and Recipes

22. The packaging and supplies acquired by Baldi as part of the Asset Agreement included the following items with the Apple Haus Mark that were stored in LGC's warehouse in Buffalo Grove:

    a.     2,543 Apple Haus Pie Boxes;

    b.     67,500 white shopping bags that included the Apple Haus Mark (the "Apple Haus Bag"). A picture of an Apple Haus Bag is attached to Leva's Affidavit as Exhibit 4.

    c.     Thousands of white labels and stickers bearing the Apple Haus Mark with a picture of the Red Apple (the "Apple Haus Label). A picture of the Apple Haus Label is attached to Leva's Affidavit as Exhibit 5.

Ex. D, ¶9; Ex. C, 36:12-46:1.

23. Baldi acquired a number of banners, signage, and advertisements for use at the Long Grove Festivals including, but not limited to, a Festival banner stating: "Long Grove Apple Haus and Long Grove Confectionery" (the "Apple Haus Festival Banner"). Ex. D, ¶10, **Exhibit X**, picture of the Apple Haus Festival Banner; Ex. C, 46:2-47:22.

24. Baldi acquired the recipes for the baked goods LGC had been selling under the Apple Haus Mark including, but not limited to, the recipes for apple cider donuts, apple pie, and apple strudel. Ex. D, ¶13.

25. The Long Grove Apple Haus sign that had been located on the exterior of the Apple Haus Store (the "Apple Haus Store Sign") was in LGC's warehouse at the time of Baldi's acquisition of LGC. Ex. D, ¶11, **Exhibit Y**, Apple Haus Store Sign; Ex. C, 51:24-52:17.

26. Baldi continued to employ all employees in the LGC art department and it acquired all of LGC's advertisements and promotional materials using the Apple Haus Mark. Ex. D, ¶12, **Exhibit AA**, advertisement using the Apple Haus Mark that were acquired by Baldi.

### D. Baldi Continues Selling Apple Haus Baked Goods and Promoting the Apple Haus Brand at the Long Grove Festivals

27. The 2013 Strawberry Fest was held just eight days after Baldi's acquisition of LGC's assets. Baldi participated in the 2013 Strawberry Fest by setting up its festival tent outside of the LGC Store, displaying the Apple Haus Festival Banner, and selling Apple Haus baked goods under the Apple Haus Mark. Ex. D, ¶14.

28. Baldi has participated in every Long Grove Festival beginning in June 2013 through the present and, at those festivals, it always used the Apple Haus Festival Banner. Beginning with the 2015 Long Grove Festivals, Baldi set up a second Festival location for the exclusive sale of donuts, under the name "Donut Express." **Exhibit F**, Mary Prekop's Deposition Transcript, 99:15-106:24; Ex. D, ¶15; Ex. E, 136:6-139:19.

29. Baldi has sold baked goods including, but not limited to, apple cider donuts, strawberry donuts, apple pies, apple cider and fried pies under the Apple Haus Mark at every Long Grove Festival from June 2013 through the present. Ex. D, ¶16, **Exhibit Z**, pictures of the Apple Haus Mark applied to baked goods at the Long Grove Festivals; Ex. F, 99:15-106:24.

30. Baldi has used the Apple Haus Bag at every Long Grove Festival for customers who purchased an apple pie or a large volume of goods. Ex. E, 103:15-111:23; Ex. F, 70:21-72:24.

31. Baldi displayed a variety of advertisements and banners promoting the Apple Haus Mark at the Long Grove Festivals. Ex. D, ¶17, Ex. AA; Ex. F, 99:15-106:24.

32. Baldi generated the following gross sales at each Long Grove Festival:

    a. 2013 Strawberry Fest: $16,515.50

    b. 2013 Apple Fest: $41,551.50

    c. 2014 Chocolate Fest: $12,832.50

6

| | | |
|---|---|---|
| d. | 2014 Strawberry Fest: | $19,725.50 |
| e. | 2014 Apple Fest: | $50,292.00 |
| f. | 2015 Chocolate Fest: | $12,444.00 |
| g. | 2015 Strawberry Fest: | $25,159.00 |
| h. | 2015 Apple Fest: | $50,101.00 |
| i. | 2016 Chocolate Fest: | $24,473.00 |
| j. | 2016 Strawberry Fest: | $8,319.00 |
| k. | 2016 Apple Fest: | $50,086.00 |
| l. | 2017 Chocolate Fest: | $5,800.00 |
| m. | 2017 Strawberry Fest: | $17,519.00 |
| n. | 2017 Apple Fest: | $35,543.00 |

Ex. D, ¶¶25-26, **Exhibit EE**, Baldi's Sales Registers for each of the above Long Grove Festivals.

      **E.    Baldi's Promotion and Use of the Apple Haus Mark from 2013 through 2017**

      33.    Upon the acquisition of LGC's assets, Baldi took over and continued operating the LGC Store and LGC Outlet and selling frozen apple pies in the Apple Haus Pie Box at both locations.  Ex. A, ¶18.

      34.    Baldi continued selling apple pies and apple cider to the Wholesale Customers and those sales continue to date. Ex. A, ¶20; Ex. C, 60:2-60:8.

      35.    In the fall of 2013, Baldi redesigned the Apple Haus Pie Box to state: "Long Grove's Ultimate Brown Bag Apple Pie" with a picture of the Red Apple pictured on the prior version of the Apple Pie Box. Ex. E, 73:24-77:23.

      36.    Customers who purchased either an apple pie or a large quantity of products from either the LGC Store or the LGC Outlet would receive their goods and products in an Apple Haus Bag. Ex. E, 103:15-111:23; Ex. F, 70:21-72:24.

37. Certain employees at the LGC Outlet also wore an apron advertising and displaying the Apple Haus Mark. A photograph of an apron with the Apple Haus Mark is attached as **Exhibit G**. Ex. C, 49:11-51:11, 77:10-14; Ex. F, 74:24-75:16.

### F. Baldi's Purchase and Move into a Larger Property to Bake and Sell Apple Haus Products

38. On or about January 31, 2017, Baldi vacated the property that had been the location of the LGC Store (220 Robert Parker Coffin Road, Long Grove, Illinois 60047) due to the dilapidated condition of the property and disagreements with its landlord, Long Grove Investments ("LGI"). Ex. D, ¶18.

39. On or about February 27, 2017 Baldi, through Kimball/Newport Properties, LLC, purchased the real property located at 114-128 Old McHenry Road, Long Grove, Illinois 60047, to open and operate a new retail location for Baldi to sell LGC and Apple Haus goods and products (the "New Long Grove Property"). Ex. D, ¶19.

40. After a gut rehab of the New Long Grove Property, Baldi opened two new stores there: (a) a coffee shop (the "Coffee Shop"); and (b) a new LGC store with a commercial kitchen and bakery (the "New LGC Store"). The Coffee Shop opened in November, 2017 and the New LGC Store opened in December, 2017. Ex. D, ¶20.

41. In February, 2018, Baldi began operations at its commercial kitchen and bakery between the Coffee Shop and New LGC Store where it baked a variety of goods that are sold under the Apple Haus Mark including, but not limited to: muffins, cookies, strudels, pies, and donuts (the "Apple Haus Baked Goods"). Ex. D, ¶¶21-22, **Exhibits BB and CC**, pictures showing the Apple Haus Mark on display at the Coffee Shop and products bearing the Apple Haus Mark that are available for sale at the New LGC Store; Ex. C, 53:19-54:7, 54:18-55:1.

8

42. The Coffee Shop sells Apple Haus Baked Goods on the counter and in glass-casing, and the New LGC Store has a section devoted to Apple Haus Baked Goods. The Apple Haus Sign is also on display at the New LGC Store. Ex. D, ¶¶22-23; **Exhibit DD**, picture of The Apple Haus Sign on display at the New LGC Store; Ex. C, 51:24-52-14; 67:24-68:17.

43. In or about July 2018, Baldi re-designed the apple pie box to include the Apple Haus Mark and the Red Apple (the "Current Apple Haus Pie Box"). A picture of the Current Apple Haus Pie Box is attached as **Exhibit H.** Ex. E, 58:1–58:14; 89:18-90:4.

### G. Baldi Filed an Application to Register the Apple Haus Mark

44. Unbeknownst to Baldi at the time, John Mangel, through BG Investments, LLC ("BG Investments"), filed an application to register the trademark "Long Grove Apple Haus" on August 26, 2013, approximately one month after selling LGC to Baldi. Ex. E, 42:14-43:10.

45. On or about January 16, 2017, the United States Patent and Trademark Office declared BG Investments' trademark for Long Grove Apple Haus abandoned and dead for reason of nonuse. Ex. B, ¶9.

46. In May 2017, Baldi filed an application in the United States Patent and Trademark Office ("USPTO") to register the trademark "Long Grove Apple Haus" in connection with candied fruits, jellies, jams, fruit preserves butter, soup, and cheese (International Class 29), and coffee, coffee beans, packaged ground coffee beans, tea, candy, fudge, popped popcorn, chocolate sauce, cookies, bakery desserts, pastries, and pies (International Class 30). Ex. B, ¶10; **Exhibit II**.

47. On November 8, 2017, LGI filed a Notice of Opposition to Baldi's application to register the Apple Haus Mark. Ex. B, ¶11.

48. After the close of discovery and on the eve of the dispositive motion deadline, LGI filed the instant lawsuit and moved to suspend the trademark action under Section 2.117 of the Trademark Rules of Practice, 37 CFR § 2.117. Ex. B, ¶¶12-14.

## II. LGI Purchased the Property That Was the Former Location of the Apple Haus Store and Claims a Common Law Right to the Apple Haus Mark

### A. Title history of 230 Robert Parker Coffin Road, Long Grove, Illinois 60047 (the former Apple Haus Store)

49. On or about July 23, 1976, Upper Avenue National Bank of Chicago, as Trustee under the provision of a trust agreement dated July 23, 1976, known as Trust Number 14-0316 ("Upper National Bank"), acquired the property commonly known as 230 Robert Parker Coffin Road, Long Grove, Illinois 60047 (the "Property"), via a Deed in Trust from Diana A. Ritchie, a spinster. **Exhibit I**, July 28, 1976, Deed in Trust that was recorded in the Lake County Recorder of Deeds office on August 4, 1976.

50. On or about July 8, 1999, Chicago Title Land Trust Company acquired the Property via a Trustee's Deed in Trust from American National Bank and Trust Company of Chicago, f/k/a Upper National Bank. **Exhibit J**, July 8, 1999, Trustee's Deed in Trust that was recorded in the Lake County Recorder of Deeds office on August 27, 1999.

51. On or about January 24, 2007, GCP Long Grove, LLC, acquired the Property from Chicago Title Land Trust Company via a Trustee's Deed. **Exhibit K**, January 24, 2007, Trustee's Deed that was recorded in the Lake County Recorder of Deeds office on April 27, 2007.

52. On November 5, 2012, GCP Long Grove LLC is believed to have defaulted on its financial obligations, causing it to transfer the Property to U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, as successor by merger to LaSalle Bank National Association, as Trustee for the registered holders

of Bear Stearns Commercial Mortgage Securities Inc., Commercial Mortgage Pass-Through Certificate, 2007-PWR15 ("U.S. Bank") via a Special Warranty Deed. **Exhibit L**, November 5, 2012, Special Warranty Deed that was recorded in the Lake County Recorder of Deeds office on November 11, 2012.

      **B.**    **LGI's Purchase of the Property Through a Foreclosure Auction**

53.    Shortly prior to July 24, 2014, Marsha Forsythe ("Forsythe"), a soon to be Manager of Long Grove Investments, LLC ("LGI"), participated and was the high bidder in an on-line auction to purchase twelve commercial properties in Long Grove, Illinois, including the Property, (collectively the "Shoppes of Long Grove") for a total sum of One Million Three Hundred Twenty Five Thousand Dollars ($1,325,000). **Exhibit M**, Forsythe Deposition Transcript, 76:17-79:8.

54.    On or about July 24, 2014, Forsythe and U.S. Bank executed an Agreement of Purchase and Sale and Joint Escrow (the "Purchase Agreement") for the sale of the Shoppes of Long Grove to Forsythe. The Purchase Agreement specified that Forsythe was purchasing the Property "as is, where is, with all faults and limitations" and in its then present state and condition. **Exhibit N**, Purchase Agreement; Ex. M, 74:19-76:13.

55.    On September 4, 2014, LGI acquired the Property via a Special Warranty Deed from U.S. Bank. **Exhibit O**, September 4, 2014, Special Warranty Deed that was recorded in the Lake County Recorder of Deeds office on September 4, 2014.

      **C.**    **LGI's Acquisition of the Property as an Investment**

56.    LGI was formed on July 30, 2014, for the specific purpose of acquiring the Shoppes of Long Grove. Ex. M, 27:1-27:6, 30:9-30:13.

57.    LGI is a real estate investment firm whose sole business is managing and renting the Shoppes of Long Grove. LGI's sole source of revenue is the rent it receives from the tenants

of the Shoppes of Long Grove. LGI does not operate a business out of any of the twelve stores located in the Shoppes of Long Grove. Ex. M, 27:1-27:6, 30:9-30:13.

58. LGI has never sold or offered for sale any goods or products. Consequently, LGI has never sold or offered for sale any goods or products with the Apple Haus Mark or using that mark. **Exhibit P**, LGI's Objections and Responses to Defendant's First Request to Admit Facts, Nos. 7-8; **Exhibit Q**, LGI's Supplemental Objections and Responses to Defendant's First Set of Interrogatories, No. 12; Ex. M, 193:14-197:10.

### D. LGI Claims that it Acquired Rights in the Apple Haus Mark by Purchasing the Property (the Former Location of the Apple Haus Store)

59. LGI claims that when it acquired the Property where the former Apple Haus Store was located, it acquired common law rights in the Apple Haus Mark because the auction referred to the Property as "known as the Apple Haus," and because the Property is allegedly known by the public as the Long Grove Apple Haus. Ex. M, 79:9-82:15.

60. LGI claims that, by acquiring the physical building, the history and goodwill associated with the Property automatically transferred to LGI as part of the purchase because the Apple Haus Mark stayed with the building and whoever owned the building owned the mark. Ex. M, 79:9-82:15.

### E. LGI's Marketing of the LGI Property for Rent

61. In marketing the Property for rent, LGI allegedly identified the Property as being "known as the Apple Haus."[1] Ex. M, 116:24-118:8.

---

[1] LGI was unable to produce any documentation substantiating its claim that it marketed the Property as being "Known as the Apple Haus."

62. LGI claimed that it would entertain any person or entity interested in renting the Property, and had discussions with a number of restaurants, including a breakfast restaurant and a barbeque restaurant, about leasing the space. Ex. M, 134:10-137:23.

63. In January of 2016, LGI entered into a lease with Bell's Apple Orchard and Bakery LLC d/b/a Bell's Apple Haus ("Bell's"), which intended to open a store at the Property called Bell's Apple Haus. Ex. M, 140:3-142:6.

64. On February 19, 2016, the Chicago Tribune published an article about Bells intention to open a store in the former location of the Apple Haus Store to be called "Bell's Apple Orchard and Bakery." The Chicago Tribune article acknowledged that LGC had been the owner of the Apple Haus Store and still brings its products to the Long Grove Festivals, where crowds generally wait in long lines to buy them. **Exhibit R**, February 19, 2016 Chicago Tribune article.

65. LGI terminated its lease with Bell's after Bell's began renovations without LGI obtaining necessary permits from the Village of Long Grove. Ex. M, 147:1-148:11.

66. On August 28, 2017, LGI entered into a lease for the Property with Steve Sintetas d/b/a Long Grove Apple Haus ("Sintetas"), who intended to open a store at the Property called Long Grove Apple Haus. Ex. M, 150:23-154:22.

67. Sintetas has not opened a store at the Property and is waiting for this case to be resolved. Ex. M, 155:12-155:24.

68. LGI has never registered the Apple Haus Mark with the USPTO or attempted to register the Apple Haus Mark with the USPTO. Ex. P, Nos. 2-3.

69. The Property was vacant at the time LGI purchased the Property. Ex. M, 111:21-111:23.

13

                                                 BALDI CANDY CO. d/b/a LONG GROVE CONFECTIONERY

By:   /*Benjamin E. Haskin*  
        One of its Attorneys

Amy M. Gibson, Esq.
agibson@agdglaw.com
Benjamin E. Haskin
bhaskin@agdglaw.com
ARONBERG GOLDGEHN DAVIS & GARMISA
Attorneys for Applicant
330 North Wabash Avenue, Suite 1700
Chicago, Illinois 60611
2285036v2

14